Eric Bensamochan, Esq.   SBN 255482
THE BENSAMOCHAN LAW FIRM, INC.
9025 Wilshire Blvd. Suite 215
Beverly Hills, California 90211
Tel.  (818) 574-5740
Fax. (818) 961-0138
Email: eric@eblawfirm.us

Counsel for Kiwijet, Inc

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIWIJET, INC a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DELPHIC AIRWAYS CARGO TRANSPORTATION PC, an entity of unknown provenance, and DELPHIC AIRWAYS PC, an entity of unknown provenance;<br><br>Defendant | Case No.: 2:22-cv-01850-FLA-RAO<br><br>**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT BY THE COURT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF ERIC BENSAMOCHAN, ESQ. AND NICOLAS STEELE IN SUPPORT THEREOF**<br><br><u>Hearing Information:</u><br>Date: July 14, 2023<br>Time: 1:30 pm<br>Courtroom: 6B, 6th floor<br>Location: First Street Courthouse<br>         350 W. 1st Street<br>         Los Angeles, CA 90012 |

**TO THE HONORABLE FERNANDO L. AENLLE-ROCHA, ALL PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on July 14, 2023, at 1:30 pm or as soon thereafter as this matter may be heard but he above-entitled Court, located at 350 West 1st Street, Los Angeles, California 90012, Courtroom 6B, Plaintiff Kiwijet, Inc., will and hereby does request entry of default judgment against Defendants Delphic Airways Cargo

Transportation PC and Delphic Airways PC (hereinafter "Defendants.") This motion is made on the grounds that:

1. Defendants were served with the operative Complaint and Summons on March 13, 2023 (*see* Dkt. 32), and have not responded to the Complaint or otherwise appeared in this action;
2. Plaintiff filed its request for default against Defendants with the United States District Court on April 11, 2023 (*see* Dkt. 34).
3. On April 27, 2023, the Clerk entered default against the named Defendants (*see* Dkt. 37);
4. Defendants are corporations and are neither an infant nor an incompetent person requiring special service in accordance with Rule 4(g), Federal Rules of Civil Procedure;
5. Defendants are corporations and are not serving with the armed forces of the Unites States entitled to the protection of 50 U.S.C. § 520;
6. Plaintiff is now entitled to default judgment against Defendants on account of the claims pleaded in the Complaint, namely breach of contract;
7. Plaintiff seeks damages in the amount of $11,628,000;
8. Plaintiff also seeks costs in the amount of $402.00;
9. Additionally, Plaintiff requests prejudgment interest at the interest rate of ten percent (10%) based on the principal amount of $11,628,000.00 from March 1, 2022, through May 19, 2023, which totals $1,414,474.52 plus $3,185.75 per day until the default judgment is entered by the Court, be added to the principal amount of the judgment and costs pursuant to applicable law. (*See*, California Civil Code Sections 3287(a) and 3289(b); *Leaf v. Phil Rauch, Inc.* (1975) 47 Cal. App. 372, 376, 377); and
10. Finally, Plaintiff requests that the default judgment require the payment of post-judgment interest pursuant to 28 U.S.C. §1961(a) and (b) on the total amount of the default judgment of $11,628,000 as of May 19, 2023, plus

$3,185.75 per day until default judgment is entered by the Clerk, at the rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding entry of the default judgment, with interest computed daily to the date of payment and to be compounded annually until the judgment is satisfied.

11. Notice of the entry of default and notice of this motion and the amount requested were served on Defendants on May 25, 2023, as required by Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Rule 55-1(e).

This Motion is based on this Notice, the Memorandum of Points and Authorities, the declaration of Eric Bensamochan, Esq., and the pleadings, file, and oral argument that may be presented at the hearing.

Dated: May 25, 2023              **THE BENSAMOCHAN LAW FIRM, INC.**

By: /s/Eric Bensamochan, Esq.
    Eric Bensamochan
    Attorney for Kiwijet, Inc.

Eric Bensamochan, Esq.   SBN 255482
THE BENSAMOCHAN LAW FIRM, INC.
9025 Wilshire Blvd. Suite 215
Beverly Hills, California 90211
Tel.  (818) 574-5740
Fax. (818) 961-0138
Email: eric@eblawfirm.us

Counsel for Kiwijet, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIWIJET, INC a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DELPHIC AIRWAYS CARGO TRANSPORTATION PC, an entity of unknown provenance, and DELPHIC AIRWAYS PC, an entity of unknown provenance;<br><br>Defendant | Case No.: 2:22-cv-01850-FLA-RAO<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION AND MOTION FOR DEFAULT JUDGMENT BY COURT**<br><br><u>Hearing Information:</u><br>Date: July 14, 2023<br>Time: 1:30 pm<br>Courtroom: 6B, 6th floor<br>Location: First Street Courthouse<br>              350 W. 1st Street<br>              Los Angeles, CA 90012 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

**FOR DEFAULT JUDGMENT BY THE COURT**

### I.    INTRODUCTION

This motion concerns a case of breach of contract by Defendants Delphic Airways Cargo Transportation PC and Delphic Airways PC (hereinafter "Defendants.")  After Plaintiff Kiwijet, Inc.'s (hereinafter "Kiwijet" or "Plaintiff") attempts at informal

resolution were ignored, it filed this action and duly effected service on Defendants. Although Defendants are well aware of this action, they have refused to defend themselves in it. As a result of Defendants' disregard for the judicial system, Kiwijet now moves this Court to enter default judgment against Defendant in the amount of $11,628,000 plus costs in the amount of $402, plus prejudgment interest in at least the amount of $1,414,474.52.

## II.    RELEVANT FACTS

In this case, Kiwijet was acting as a "middleman," purchasing services from a service provider and reselling them with a markup to Defendants. Plaintiff and Defendants entered into the ACMI Service Agreement or about January 19, 2022. (see Attached **Exhibit "A"**) The Agreement is a sophisticated document outlining the rights and duties of both Plaintiff and Defendants and reflects months of negotiations and due diligence between the parties. Defendants agreed to pay Plaintiff USD $4,650 per block hour. Payment terms are set forth in Annex 1 (p. 17) and the requirements of a Deposit are set forth in Annex 1 (p. 17). Defendant was to make an initial deposit payment of One Million Three Hundred and Ninety Five-Thousand Dollars ($1,395,000) at the time of execution of the agreement.

After signing the Agreement, Defendants failed to make the deposit. In response to communications that it was in breach of the Agreement, Defendant made no effort to cure the default or otherwise to perform under the Agreement. The Defendant has at all times confirmed the agreement and terms and continually requested extensions of payment terms.

This was a major contract for Kiwijet. It's anticipated profit if Defendants had performed exceeds Eleven Million Dollars ($11,000,000) over the one-year term of the Agreement. Plaintiff expended considerable time and expense in setting up this relationship and avoided other possible deals with the understanding that Defendants were acting in good faith.

### III. DEFAULT JUDGMENT IS PROCEDURALLY PROPER

Kiwijet requested and received an entry of default against Defendants, and thus has no other course to pursue against this defendant except to move for default judgment. Entry of default judgment ensures "that litigants who are vigorously pursuing their cases are not hindered by those who are not in an environment of limited judicial resources." *Swaim v. Moltan* Co., 73 F.3d 711 (7th Cir. 1996); *see also Joe Hand Promotions, Inc. v. Pollard*, 2010 WL 2902343 (E.D. Cal. July 22, 2010); Fed. R. Civ. P. §55(b)(2). As the sum of judgment is not certain, KIWIJET must seek default judgment through the Court rather than the Clerk. Fed. R. Civ. P. §55(b)(1), (2).

In the instant case, Kiwijet has taken all reasonable steps to notify Defendants of this pending litigation, but Defendants have failed to respond to the Complaint in the correct form or to participate in this litigation whatsoever. Declaration of Eric Bensamochan at Paragraph 3. As the time for response has now lapsed, Kiwijet is left with no other action to enforce its contract but to request a default judgment against Defendants. Because all necessary procedural requirements have been met, the requested default judgment should be granted.

The Court may grant default judgment in its discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making its decision, the Court may consider various factors, including (1) the possibility of prejudice to Plaintiff; (2) the merits of Plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether Defendant's default was due to excusable neglect; and (7) federal policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). As described below, the *Eitel* factors weigh heavily in favor of ordering a default judgment against Defendants. KIWIJET would be prejudiced if its Motion for Default Judgment Were Denied.

### A. **Would be Prejudiced if its Motion for Default Judgment Were Denied**

Kiwijet has vigorously pursued its case and diligently attempted to notice Defendants of this pending litigation. Rather than hiring counsel and attempting to properly litigate Plaintiff's breach of contract claim, Defendants opted to simply default. To allow Defendants to escape liability by ignoring Kiwijet and the judicial process would prejudice Kiwijet. *See PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002) (stating that if the plaintiff's motion for default judgment was not granted, plaintiff would be "without other recourse or recovery"). Further, Kiwijet has already incurred expenses in attempts to serve Defendants as well as attorneys' fees in taking the necessary procedural steps to obtain a default judgment. Without an entry of default judgment against Defendants, Kiwijet would be prejudiced and without other recourse for recovery. Therefore, this factor favors default judgment against Defendants.

### B. **Kiwijet's Breach of Contract Claim is Meritorious and Sufficiently Plead in the Complaint**

Because the Complaint contains all necessary factual allegations for a breach of contract claim, and because such allegations must be taken as true now that Defendants are in default, Kiwijet satisfies the second and third *Eitel* factors. Generally, after the Clerk enters default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to damages. *TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (quoting *Geddes v. United Fin. Grp.,* 559 F.2d 557, 560 (9th Cir. 1977)). Under California law, the elements of breach of contract are: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman,* 51 Cal. 4th 811, 821 (2011). In the case at bar, the ACMI Agreement is the contract between the parties. (Dkt. 1, ¶9.) Kiwijet satisfied all of its performance obligations under the

Agreement. (Dkt. 1, ¶18.) Defendants breached the agreement by failing to pay the required deposits and providing cargo for transport. (Dkt. 1, ¶14.) Kiwijet suffered damages as a result of Defendants' breach. (Dkt. 1, ¶16.) Because Kiwijet's complaint properly alleges the constituent elements of a cause of action for breach of contract, the Complaint is sufficient. Kiwijet's meritorious claim and the sufficiency of the complaint weigh in favor of default judgment against Defendants.

### C. Amount at Stake

The fourth *Eitel* factor balances the amount of money at stake with the "seriousness of Defendant's conduct." *PepsiCo,* 238 F. Supp. 2d at 1176; *Eitel,* 782 F.2d at 1471. The amount at stake must be proportionate to the harm alleged. *Landstar Ranger, Inc. v. Parth Enters., Inc.,* 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of defendant's action." *Truong Giang Corp. v. Twinstar Tea Corp.,* No. C 06-03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007). Kiwijet seeks compensatory damages in the amount of $11,628,000, the exact amount Defendants owe per the allegations in the complaint. Kiwijet submits that the amount at stake is proportionate to Defendants' conduct. Consequently, this factor favors of entry of default judgment.

### D. There is Little Possibility of a Dispute Concerning the Material Facts

The fifth *Eitel* factor considers the possibility that material facts are in dispute. *PepsiCo,* 238 F. Supp. 2d at 1177. Because the allegations in Kiwijet's Complaint are presumed true, Defendants' failure to appear in this action results in a finding that "no factual disputes exist that would preclude entry of default judgment." *Vogel v. Rite Aid Corp.,* 992 F. Supp. 2d 998, 1013 (C.D. Cal. 2014). Accordingly, this factor favors entry of default judgment.

### E. Defendants' Neglect in Defaulting is Not Excusable

Because Defendants were properly served with the Complaint, its failure to respond in the correct form to this action cannot be due to excusable neglect. "A

defendant's conduct in failing to respond may either be culpable or due to excusable neglect. A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1072 (C.D. Cal. 2004) (internal quotations omitted). Defendants have failed to appear in this action despite being properly served with the Complaint and thus has not "demonstrated a clear purpose to defend the suit." *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1074 n1 (D. Ariz. 2006). Because Defendants have made no appearance in the correct form whatsoever, nor has it made any effort even to argue excusable neglect for its disregard of Kiwijet's claims and the judicial process, this factor weighs heavily in favor of default judgment.

### F. **Although the Federal Rules Generally Prefer Decisions on the Merits, Defendants have made a Decision on the Merits Impossible**

[D]efault judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel,* 782 F.2d at 1472 (citing *Pena v. Seguros La Comercial, S.A.,* 770 F.2d 811, 814 (9th Cir. 1985)). However, where the defendant fails to answer the plaintiff's complaint, "a decision on the merits [is] impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177. Defendants' refusal to participate in this litigation has made a decision on the merits impossible; therefore, default judgment is appropriate. Courts have found that "in light of the entry of default against defendant, there is no apparent possibility of a dispute concerning the material facts underlying the action." *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1237 (E.D. Cal. 2008). Because Defendants failed to answer the Complaint, Kiwijet was deprived of the opportunity to conduct discovery to facilitate a decision on the merits. For these reasons, this factor heavily favors default judgment.

### IV.    DAMAGES

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."

*Geddes,* 559 F.2d at 560; *see also Wecosign, Inc. v. IFG Holdings, Inc.,* 845 F. Supp. 2d 1072, 1079 (C.D. Cal. 2012) ("[A]llegations of the amount of damages suffered are not necessarily taken as true."). However, conclusory declarations alone are insufficient to support the amount of damages in a default judgment. *See Rubicon Glob. Ventures, Inc. v. Chongquing Zongshen Grp. Imp./Exp. Corp.,* 630 F. App'x 655, 658 (9th Cir. 2015) (vacating the default judgment in part where plaintiffs' own conclusory declarations were the basis of the damages calculation and a hearing was not held).

As discussed in the introduction, this case is one where Kiwijet was purchasing services and reselling them at a markup to Defendant. The three components which make up this service are the flight hours for the aircraft, the fuel costs, and the crew costs. Per the ACMI Agreement (attached hereto as **Exhibit "A,")** Defendants were to pay $4,650.00 per flight hour. The cost to Kiwijet for these same services was $3,500.00 per hour (See Declaration of Nicolas Steele) Per the agreement, Kiwijet was contracted to provide a minimum of 300 hours of service to Defedants per month. For the minimum number of monthly hours, see the ACMI Agreement, found in Annex 1, page 17 (Exhibit **"A."**) The minimum number of monthly hours 300 hours at $1,150 per hour, would result in a monthly net revenue to Kiwijet of $1,050,000. The term of the contract is 12 months. See Annex 1 to the ACMI agreement. (**Exhibit "A"**) This would result in a yearly net revenue of $4,140,000.00 to Kiwijet. For crew, the monthly cost to Kiwijet was $18,000 per month and Kiwijet was charging Defendants $48,000 per month, resulting in a monthly net profit of $30,000 per month. Over the 12-month term this would net Kiwijet $360,000. (See Declaration of Nicolas Steele) Under the Agreement, Page 9 Item D, Defendants were responsible for fuel costs. Kiwijet was to arrange for the aircraft to be fueled and charged a markup of $1 per gallon for the service. The contract aircraft (A330 200) fuel burn data reflects 1,800 gallons per hour and 1,980 per hour once taxing and auxiliary power systems are included. This equates to 594,000 gallons per month or 7,128,000 gallons per contract term of 12 months. At one dollar per gallon margin this equals $7,128,000. (See Declaration of Nicolas Steele)

## V. CONCLUSION

Based on the foregoing, Kiwijet respectfully requests that the Court enter a default judgment against Defendants and in favor if Kiwijet awarding compensatory damages in the amount of $11,628,000.00, costs, and prejudgment interest.

Dated: May 25, 2023    **THE BENSAMOCHAN LAW FIRM, INC.**

By: /s/Eric Bensamochan, Esq.
Eric Bensamochan
Attorney for Kiwijet, Inc.